## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONEGAL MUTUAL INSURANCE** | : | |
| **COMPANY a/s/o VANESSA SCHANTZ,** | : | **1:08-cv-2171** |
| **Plaintiff** | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ELECTROLUX NORTH AMERICA,** | : | |
| **Defendant** | : | |

### MEMORANDUM

Before the Court are: (1) Plaintiff's motion for reconsideration of the Court's December 22, 2010 memorandum and order granting in part Defendant's motion to exclude the expert opinion testimony of Michael R. Stoddard pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) (Doc. No. 96); and (2) Plaintiff's motion to submit additional evidence in support of the opinions of Mr. Stoddard (Doc. No. 116). In its motion for reconsideration, Plaintiff requests that the Court alter or amend its order so as to permit Plaintiff's expert to present opinion testimony that the design of the dryer at issue was defective. (Doc. No. 97 at 14.) At a hearing on Plaintiff's motion for reconsideration, Plaintiff offered for the first time the testimony of its proffered expert. For the reasons that follow, the Court will deny Plaintiff's motion for reconsideration. The Court will allow Plaintiff to supplement its expert disclosure prior to trial, but will deny as moot Plaintiff's motion to present new evidence to the extent that Plaintiff seeks to present new evidence at a <u>Daubert</u> hearing.

## I.    BACKGROUND

Plaintiff Donegal Mutual Insurance Company instituted this subrogation action against Defendant Electrolux Home Products in relation to a fire that occurred on November 12, 2006, involving a dryer manufactured by Defendant. Plaintiff has asserted causes of action sounding in

negligence, strict liability, and breach of contract.  Plaintiff alleges that the electric clothes dryer

manufactured by Defendant was defective and caused a fire in the home of its insured, Vanessa

Schantz.  Specifically, Plaintiff's expert, Michael Stoddard, offered the following two opinions

with respect to the dryer: (1) that the dryer is defective because its bearing assembly does not fail

safe and fails into a fire-causing condition; and (2) that the dryer is defective because lint

accumulates near the heat source, allowing the lint to serve as either a first fuel or an

accelerating fuel in the development and spread of fire.

On June 29, 2010, Defendant filed a motion to exclude Mr. Stoddard's opinions.  (Doc.

No. 81.)  On December 22, 2010, the Court issued an order, granting Defendant's motion in part.

(Doc. No. 95.)  First, the Court held that Mr. Stoddard's bearing-failure opinion – that the

dryer's design allowed the dryer to fall into a fire-causing condition when the bearing assembly

failed – satisfied the Daubert standard, and the Court denied the motion to exclude Mr.

Stoddard's testimony on this point.  However, applying Daubert to Stoddard's opinion that the

bearing assembly failed due to a design defect, the Court rejected his opinion based on

Stoddard's qualifications and granted Defendant's motion in part.  (Id. at 13.)  With respect to

his lint-accumulation opinion, the Court held that Mr. Stoddard could opine that lint may have

served as a first fuel in the fire, but that he could not offer an opinion that the dryer defectively

allowed lint to accumulate, because his methodology in reaching that opinion was not reliable.

(Id.)

Plaintiff's motion for reconsideration of the Court's December 22, 2010 memorandum

and order is now before the Court.  (Doc. No. 96.)  Plaintiff raises two principal challenges to the

Court's prior order.  First, Plaintiff did not proffer a witness at the oral argument held on

Defendant's motion to exclude Stoddard's expert testimony.  Thus, Plaintiff challenges the

Court's prior ruling because no opportunity to present evidence was provided.  Plaintiff also

argues that the Court's ruling is inconsistent with a ruling on another lint-accumulation case

issued on the very same day.  (Doc. No. 97 at 4.)  Plaintiff's challenge to the Court's ruling is

narrow and relates only to the Court's ruling that Mr. Stoddard reached his opinion that the dryer

defectively allowed lint to accumulate by using an unreliable methodology.  Plaintiff does not

challenge the Court's ruling that Mr. Stoddard is not qualified to offer an opinion that the

bearing in the dryer at issue failed due to a defective design, or that he is not qualified to offer an

opinion as to the adequacy of the warnings associated with the dryer.

## II.     STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility.  Its purpose is to correct

manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must

demonstrate at least one of the following grounds prior to the court altering, or amending, a

standing judgment: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court entered judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176

F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration is appropriate in instances where the

court has "patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension."

Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in

part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted).

3

It may not be used as a means to argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682-83 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.    DISCUSSION

The Court's December 22, 2010 memorandum discussed at length the familiar three-step Daubert inquiry related to qualifications, reliability, and fit.  Because Plaintiff asks the Court to reconsider its application of Daubert only as it applies to part of Mr. Stoddard's proffered opinion, the Court will only briefly summarize its holding and the bases for it.  First, the Court held that Mr. Stoddard has sufficient experience in examining dryers and fire investigation to opine that the design of the dryer at issue allowed it to fall into a fire hazard condition when the bearing assembly failed, that the bearing assembly failure was the source of the fire, and that lint or the load of clothing served as fuel for the fire.  (Doc. No. 95 at 7.)  However, the Court held that Mr. Stoddard was not sufficiently qualified to offer an opinion as to why the bearing assembly failed, because Plaintiff did not establish that Mr. Stoddard had sufficient academic training or on-the-job experience relevant to that opinion.  (Id.)  Furthermore, the Court held that Mr. Stoddard was not qualified to give his opinion as to the adequacy of the warnings associated with the dryer.  (Id.)  The Court further held that although Mr. Stoddard could offer an opinion that lint or clothing served as a first fuel in the fire, Mr. Stoddard's opinion that the dryer defectively allowed lint to accumulate was not based on a reliable methodology.  (Id. at 12.)  The Court noted that at oral argument on the motion to exclude, counsel for Plaintiff conceded that

Mr. Stoddard did not "know whether lint for certain was the first thing that ignited.  It was either

lint, the clothing inside the drum, or a combination thereof."  (<u>Id.</u> (quoting Hearing Tr., Sept. 27,

2010, at 7).)

 Plaintiff seeks reconsideration of the Court's holding that Mr. Stoddard's lint-

accumulation opinion was not based on a reliable methodology, arguing that the Court's holding

that Mr. Stoddard employed an unreliable methodology in reaching his opinion as to the dryer's

lint accumulation is inconsistent with the Court's holding in <u>Rager v. General Electric Co.</u>, No.

1:08-cv-1482 (M.D. Pa. Dec. 22, 2010).  Plaintiff argues that the "only discernable difference"

between this Court's rulings in this case and in <u>Rager</u> is that a <u>Daubert</u> hearing was held in

<u>Rager</u>.[1]  (Doc. No. 97 at 10.)  As noted above, Plaintiff failed to proffer any testimony at the

hearing scheduled to address Defendant's challenge to Mr. Stoddard's testimony.  In spite of

Plaintiff's failure to offer evidence at the hearing on Defendant's <u>Daubert</u> motion, the Court

allowed Plaintiff to make a record at a newly scheduled evidentiary hearing.

 On November 2, 2011, the Court held a <u>Daubert</u> hearing, at which Plaintiff presented

testimony from Mr. Stoddard.  At the hearing, Mr. Stoddard testified about his qualifications,

stating that he had earned a bachelor of science degree in fire science and investigation, an

associate of science degree in criminal justice, certifications in the field of fire investigation from

the National Association of Fire Investigators and the International Association of Arson

Investigators, and that he had twelve-to-thirteen years of fire analysis and investigation

---

[1] Plaintiff also argues that if the Court declines its request to reconsider, inconsistent precedent will result.  This argument is unpersuasive.  For the reasons explained more fully below, the Court's decision in <u>Rager</u> is factually distinguishable from the Court's prior order in this matter.

experience.  (Hearing Tr., Nov. 2, 2011, at 10-14.)  Further, Mr. Stoddard testified about his

tenure with Maytag Instrument Company, during which he assisted the engineering department

in designing and assembling industrial inspection equipment.  (Id. at 122:19-124:5.)

      Mr. Stoddard also testified about the methodology that he used in reaching his opinions.

With respect to his lint-accumulation opinion, Mr. Stoddard testified that he followed the

methodology outlined in National Fire Protection Association Code Number 921 (NFPA 921).

(Id. at 15:10-16:20.)  Specifically, Mr. Stoddard testified that he developed a hypothesis that the

dryer defectively allows lint to accumulate, examined lint accumulation in several exemplar

dryers, performed tests on Electrolux dryers and other design alternatives to compare the lint

accumulation, and concluded that the dryer in this case defectively allowed lint to accumulate

near the heat source.  (Id. at 99:22-100:22.)  However, Mr. Stoddard also testified that he cannot

determine whether lint or clothing was the first fuel in the dryer fire, and that the fire in this case

did not result from an excessive buildup of lint, but from the failure of the bearing assembly that

allowed the heating drum to detach and come into contact with the energized heating element

during operation.  (See, e.g., id. at 142:7-143:9.)  Nonetheless, Plaintiff asks the Court to

reconsider its determination that Mr. Stoddard's opinion that the dryer at issue defectively allows

lint to accumulate near the heat source does not satisfy the requirements of Daubert and Rule

702.

      A trial court has a special obligation to ensure that expert testimony is relevant and

reliable.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).  Accordingly, the admission

of scientific, technical, or other specialized knowledge is within the trial court's discretion.  See

General Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997).  A court's inquiry is controlled by

Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  As the Third Circuit has explained, these requirements represent a "trilogy of restrictions on expert testimony: qualification, reliability and fit."  Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003).  "Rule 702's helpfulness standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."  Daubert, 509 U.S. at 591-92.

In its December 22, 2010 order, the Court applied these legal principles to the facts of this case, relying on Stoddard's expert report, his deposition testimony, and the representations of Plaintiff's counsel in Plaintiff's pleadings and at oral argument.  The Court relied on Plaintiff's concessions that Mr. Stoddard could not offer an opinion that excessive lint accumulation caused the fire, and that Mr. Stoddard could not determine whether lint or clothing was the first fuel in the fire.  For example, counsel for Plaintiff conceded at the first oral argument on Defendant's motion to exclude that even if there were "virtually no lint inside [the dryer] whatsoever and the bearing fails, we still have a fire because the clothing in the drum is going to ignite."  (Hearing Tr., Sept. 27, 2010, at 7.)  Plaintiff took a similar position in its written response to Defendant's motion to exclude, stating that "Stoddard discussed lint accumulation as a potential first fuel for the fire and did not opine that the cause of the fire was an excessive accumulation of lint near the heat source in this particular dryer."  (Doc. No. 83 ¶ 76.)  Thus, the Court held that Mr. Stoddard's opinion that the dryer defectively allowed lint to

accumulate near the heat source was unreliable.

Mr. Stoddard's testimony at the November 2, 2011 <u>Daubert</u> hearing does not change the Court's determination that his lint-accumulation opinion does not satisfy the requirements of Rule 702.  At the <u>Daubert</u> hearing, Mr. Stoddard testified about testing and analysis on several burned and unburned dryers.  However, his testimony supports an opinion that does not fit the facts of this case; namely that in some cases, the excessive buildup of lint near a dryer's heating element can cause the lint to ignite.

The Supreme Court has explained Rule 702's helpfulness requirement as follows:

> The study of the phases of the moon, for example, may provide valid scientific "knowledge" about whether a certain night was dark, and if darkness is a fact in issue, the knowledge will assist the trier of fact.  However (absent creditable grounds supporting such a link), evidence that the moon was full on a certain night will not assist the trier of fact in determining whether an individual was unusually likely to have behaved irrationally on that night.

<u>Id.</u>  Related to this helpfulness inquiry, "Rule 403 permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .'"  <u>Id.</u> at 595.  "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."  <u>Id.</u> (quotation omitted); <u>see also</u> <u>United States v. Stevens</u>, 935 F.2d 1380, 1399 (3d Cir. 1991) (expert testimony properly excluded where probative value was outweighed by concerns of undue delay, waste of time, or needless presentation of cumulative evidence).

Because Mr. Stoddard cannot determine whether lint or clothing served as the first fuel in

this case, the Court finds that any opinion that the dryer defectively allowed lint to accumulate near its heat source would be unhelpful and confusing.  The Court's December 22, 2010 order permits Mr. Stoddard to offer an opinion that the dryer's design allowed it "to fall into a fire-causing condition when the bearing assembly failed," and that lint or clothing served as a first fuel in the fire.  (Doc. No. 95 at 13.)  However, an opinion that the dryer at issue defectively allowed lint to accumulate would create a significant risk of misleading the jury into believing that lint was the cause of the fire, rather than a bearing failure, and would not be helpful to the jury in determining whether Defendant is liable for Plaintiff's loss.  Further, "[t]he waste-of-time ground for exclusion is particularly persuasive when detailed rebuttal testimony would be necessary to establish that the proffered evidence lacks probative worth."  In re Agent Orange Prod. Liab. Litig., 611 F. Supp. 1223, 1256 (E.D.N.Y. 1985), aff'd, 818 F.2d 187 (2d Cir. 1987). In light of these considerations, the Court will not permit Mr. Stoddard to offer his opinion that the dryer at issue defectively allows lint to accumulate near the heat source, and will not reconsider its December 22, 2010 opinion.

This holding is not inconsistent with the Court's holding in Rager v. General Electric Co., No. 1:08-cv-1482 (M.D. Pa. Dec. 22, 2010).  The expert in Rager offered a different opinion than Mr. Stoddard's opinion in this case.  Mr. Parson's opinion was that the dryer's design in that case promoted the build-up of lint in close proximity to the heating element, thereby causing lint to come into contact with the heating coils and ignite.  However, in this case, while Mr. Stoddard has offered an opinion that the dryer defectively allows lint to accumulate near the heat source, he has not opined that lint came into contact with the dryer's heating element and ignited.

## IV.     MOTION TO SUPPLEMENT EXPERT DISCLOSURE

At the <u>Daubert</u> hearing, Plaintiff sought, over Defendant's objection, to offer additional support for its expert opinion in the form of supplemental testing and reporting that the expert conducted and prepared after the Court's December 22, 2010 order. The Court did not permit Plaintiff to present this supplemental information at the <u>Daubert</u> hearing. On November 28, 2011, Plaintiff submitted a motion to submit the additional evidence in support of Mr. Stoddard's opinion. (Doc. No. 116.)

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose the identity of any expert witness to the other party. This disclosure must include an expert report, which must contain, <u>inter alia</u>, a statement of the opinions that the witness will offer and the facts considered in reaching those opinions. Rule 26(e)(2) imposes a duty to supplement expert disclosures by the time that the party's pretrial disclosures are due. The Court has not yet set a date for trial, and has not specified a deadline for pretrial disclosures. Thus, any supplementation by Plaintiff at this time would be timely. However, the Court need not allow Plaintiff to present new evidence at a <u>Daubert</u> hearing. The evidence that Plaintiff seeks to introduce relates to the methodology that Mr. Stoddard employed in reaching his opinion that the dryer at issue defectively allows lint to accumulate near the heat source. The Court has already held a <u>Daubert</u> hearing, and finds that regardless of the methodology that Mr. Stoddard employed, the opinion would not be helpful to the jury. Therefore, to the extent that Plaintiff seeks to introduce new evidence at a <u>Daubert</u> hearing, the Court will deny such request as moot.

## V.    CONCLUSION

Plaintiff has not demonstrated grounds for altering or amending the Court's December 22, 2010 order. The Court finds that Mr. Stoddard's opinion that the dryer at issue defectively

allowed lint to accumulate near the heat source would not be sufficiently helpful to the jury in light of Mr. Stoddard's opinion that the fire in this case resulted from a bearing failure and the fact that he cannot ascertain whether lint or clothing served as the first fuel for the fire. The Court's opinion in <u>Rager</u> does not represent a change in controlling precedent. Further, the Court finds that it need not hold another <u>Daubert</u> hearing to consider the supplemental evidence that Plaintiff seeks to introduce.

Thus, the Court will deny Plaintiff's motion to reconsider. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONEGAL MUTUAL INSURANCE** | : | |
| **COMPANY a/s/o VANESSA SCHANTZ,** | : | 1:08-cv-2171 |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ELECTROLUX NORTH AMERICA,** | : | |
| **Defendant** | : | |

## ORDER

    **AND NOW**, on this 23rd  day of July 2012, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 96) is **DENIED** and Plaintiff's motion to produce additional evidence in support of Mr. Stoddard's opinions (Doc. No. 116) is **DENIED** to the extent that Plaintiff seeks to produce additional information at a <u>Daubert</u> hearing.  Plaintiff may, however, supplement its expert report consistent with the Federal Rules of Civil Procedure.

                       S/ Yvette Kane_____
                       Yvette Kane, Chief Judge
                       United States District Court
                       Middle District of Pennsylvania